UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEAL BEIDLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 1701 |
| | ) | |
| MCDOUGAL LITTELL, a division of | ) | |
| Houghton Mifflin Company, and | ) | |
| R.R. Donnelley & Sons Company, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

The following matter is before the court on the motion of Defendants McDougal Littell ("McDougal") and R.R. Donnelley & Sons Company ("Donnelley")(collectively referred to as "Defendants") for an extension of the stay of all proceedings. Although the motion for an extension of the stay of all proceedings was initially filed only by McDougal. Donnelley filed a motion to join on August 8, 2006. Because it is evident that Donnelley's potential liability is arguably dependant on McDougal's liability,

Donnelley's motion to join is hereby granted.[1] Further, for the reasons set forth below, the motion for an extension of the stay of all proceedings is granted.

## BACKGROUND

Neal Beidleman ("Beidleman") is a resident of Colorado. McDougal is a textbook publisher with its primary office in Geneva, Illinois. Donnelley is a textbook printer headquartered in Chicago, Illinois. The following facts, gleaned from the pleadings, are assumed to be true for the purposes of this motion only.

On November 11, 1998, McDougal requested and received a limited license in the form of an invoice from Beidleman's agent, Woodfin Camp and Associates ("WC&A") to reproduce his Mt. Everest photograph in 40,000 textbooks titled *The Language of Literature, grade 9*. The limited license was preceded by a July 21, 1998 Delivery Memorandum that provided in relevant part:

> 5. (a)...Upon submission of an invoice by WC&A, a license only is granted to use the photographs for the use specified on the invoice and for no other purpose, unless otherwise specified. Recipient does not acquire any right, title or interest in or to any photograph, including, without limitation, any electronic reproduction or promotional rights, and will not make, authorize or permit any use of the particular photograph(s) or plate(s) made therefrom other than as specified herein.

---

[1]Although Donnelley and Beidleman both submitted briefs on the motion to join Defendant McDougal's motion to stay all proceedings, the parties only resubmit arguments found in the briefs filed by McDougal and Beidleman on the motion to stay all proceedings and fail to address the merits of whether Donnelley should be permitted to join the instant motion.

> 16. Any and all disputes arising out of, under or in connection with this agreement, including, without limitation, the validity, interpretation, performance and breach hereof, shall be settled by arbitration in New York City, New York, pursuant to the rules of the American Arbitration Association...

Pursuant to the agreement, Beidleman made his photograph available for copying and McDougal paid the agreed price, returned the photograph, and produced 40,000 copies of its textbook. However, after printing the contemplated 40,000 copies of Beidleman's image, McDougal allegedly went on to produce in excess of 1,000,000 more copies without permission. Donnelley was the printer of all of the copies of the textbook.

On March 28, 2006, Beidleman filed the instant action against Defendants alleging copyright infringement, and on May 3, 2006 Beidleman filed a First Amended Complaint. Subsequently, on May 5, 2006, McDougal and Beidleman jointly moved for a stay of this action for the earlier of 120 days or pending a determination by the United States District Court for the Southern District of New York of whether McDougal was entitled to compel arbitration in a related proceeding. The plaintiff in the related case is a photographer represented by the same attorneys who represent Mr. Beidleman in the instant action. On May 9, 2006, we granted the Joint Motion.

On May 22, 2006, the U.S. District Court for the Southern District of New York granted McDougal's motion for an order compelling arbitration in the related case and

denied the plaintiff's motion for a stay of arbitration. Thereafter, Beidleman indicated that despite that related decision he would not agree to arbitration of the instant matter. Consequently, on June 12, 2006, McDougal filed the present motion for an extension of the stay of all proceedings and, in so doing, informed the court that it would be filing an action to compel arbitration in the U.S. District Court for the Southern District of New York within two weeks of the filing of the present motion.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that an arbitration clause in a "contract evidencing a transaction involving commerce...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is well settled that arbitration is a favored means of dispute resolution, and the FAA established a clear policy favoring arbitration. See Kiefer Speciality Flooring, Inc. v. Tarkett, Inc., 174 F.3d 907, 909 (7th Cir.1999). To effect this policy, courts liberally construe any contractual language pertaining to arbitration and resolve doubts in favor of arbitrability. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

A party contesting the submission of the claim to arbitration must clearly show that the presumption of arbitrability does not apply. See International Union of Operating Engineers, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 255-56

(7th Cir.1994). The arbitrability of a particular issue turns on principles of contract interpretation, as "a party cannot be required to submit to arbitration any dispute which he has not agree[d] so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347 (1960)). A claim will be deemed arbitrable if an arbitration clause is capable of any interpretation that a claim is covered. See International Union of Operating Engineers, Local Union 103 v. Indiana Const. Corp., 13 F.3d 253, 255-56 (7th Cir.1994). If parties have a contract providing for arbitration of some issues, questions concerning the scope of issues subject to arbitration should be resolved in favor of arbitration. See Miller v. Flume, 139 F.3d 1130, 1136 (7th Cir.1998).

## **DISCUSSION**

Beidleman makes two primary arguments in opposition to the present motion, both of which were raised in the related matter before the District Court in the Southern District of New York. First, Beidleman contends that the limited license at issue expired when McDougal reproduced the agreed to 40,000 copies and, therefore, the arbitration clause provided therein does not apply to the additional copies made after the agreement allegedly expired. Second Beidleman argues that even if the agreement did not expire, the present copyright claim is outside of the scope of the arbitration clause.

The parties agree that the arbitration clause in the licensing agreement provides that any dispute arising under the agreement is subject to arbitration before the American Arbitration Association ("AAA") in New York. The Commercial Arbitration Rules, applicable to the AAA, provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Contec Corp. v. Remote Solution, Co., Ltd., 398 F.3d 205, 208 (2d Cir. 2005). Beidleman's arguments address whether the instant action should ultimately be heard by the arbitrator and not whether we should issue a stay in the instant matter. Beidleman's arguments address whether the licensing agreement expired and, if not, what the scope of the applicable arbitration provision is. Questions concerning the scope of an arbitration should be decided in favor of arbitration. Miller, 139 F.3d at 1136. Therefore, the stay of all proceedings is warranted.

## CONCLUSION

For the reasons set forth above Defendants' motion is granted.

Charles P. Kocoras
United States District Judge

Dated:   August 21, 2006